1
2
3
4
5
6
7
8           **UNITED STATES DISTRICT COURT**
9         **SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 15CR1689 WQH |
| Plaintiff, | JUDGMENT AND ORDER OF DISMISSAL |
| vs. | |
| JOSE BERNAL-SANCHEZ, | |
| Defendant. | |

HAYES, Judge:

    The matter before the Court is the motion to dismiss the information due to invalid removal order filed by Defendant Jose Bernal-Sanchez. (ECF No. 27-2).

**BACKGROUND FACTS**

    On July 30, 2009, Defendant was convicted in the Superior Court of California County of Orange of second degree robbery in violation of California Penal Code §§ 211 and 212.5(c).

    On September 15, 2009, a Notice of Intent to Issue a Final Administrative Removal Order was issued to Defendant alleging that he was "not a citizen or national of the United States" and that he was "a native of Mexico and a citizen of Mexico." (ECF No. 27-1 at 2). The Notice alleged "You are not lawfully admitted for permanent residence." The Notice alleged "You were on July 30, 2009, convicted in the Superior Court of California County of Orange for the offense of Second Degree Robbery, California Penal Code Section 211/212.5(c)." *Id.* The Notice charged "You are removeable under Section 237(a)(2)(iii) of the Act . . . because you have been convicted

of an aggravated felony as defined in Section 1101(a)(43)(F)[1] of the Act. 8 U.S.C. 1101(a)(43)." *Id.*

On September 22, 2009, a Final Administrative Removal Order was issued and served upon the Defendant.  (ECF No. 27-1 at 4).

On June 30, 2015, Defendant was charged in an Information with being an alien who previously had been removed from the United States to Mexico found in the United States without the express consent of the Attorney General of the United States or her designated successor in violation of 8 U.S.C. §1326(a) and (b).  (ECF No. 9).

## CONTENTIONS OF THE PARTIES

Defendant contends that his 2009 removal order was fundamentally unfair because second degree robbery under California Penal Code ("CPC") § 211 is not a crime of violence under 18 U.S.C. § 16(b) after the decision of the Court of Appeal in *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015).  Plaintiff United States of America agrees that second degree robbery is no longer a crime of violence under 18 U.S.C. § 16(b) and that Defendant was not removable for a crime of violence as charged in the Notice.  Plaintiff United States of America contends that the Court should deny the motion to dismiss the information on the grounds that the Defendant remains an aggravated felon and cannot show prejudice from his removal.  Plaintiff United States of America asserts that the second degree robbery conviction under CPC § 211 was and is an aggravated felony under the theft offense defined in 8 U.S.C. § 1101(a)(43)(G).[2] Plaintiff United States asserts that Defendant cannot show that he was prejudiced by the underlying defect in his removal proceedings.

Defendant asserts that an alternative theory for removal not charged in the Notice

---

[1] 8 U.S.C. § 1101(a)(43)(F) states: "The term 'aggravated felony' means . . . (F) a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment [] at least one year."  8 U.S.C. § 1101(a)(43)(F) (footnote omitted).

[2] 8 U.S.C. § 1101(a)(43)(G) states:  "The term 'aggravated felony' means . . . (G) a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment at least one year."  8 U.S.C. § 1101(a)(43)(G) (footnote omitted).

1 cannot meet constitutional requirements.  Defendant further contends that second

2 degree robbery under California law does not qualify as an aggravated felony under the

3 theft offense defined in 8 U.S.C. § 1101(a)(43)(G).

## APPLICABLE LAW

5  A defendant charged with illegal reentry under 8 U.S.C. § 1326 has a Fifth

6 Amendment right to collaterally attack his removal order because the removal order

7 serves as a predicate element of his conviction.  *United States v. Mendoza-Lopez*, 481

8 U.S. 828, 837-38 (1987). To sustain a collateral attack under 8 U.S.C. § 1326(d), a

9 defendant must demonstrate that (1) he exhausted all administrative remedies available

10 to him to appeal his removal order, (2) the underlying removal proceedings at which the

11 order was issued improperly deprived him of the opportunity for judicial review, and

12 (3) the entry of the order was fundamentally unfair. *United States v. Ubaldo–Figueroa*,

13 364 F.3d 1047, 1048 (9th Cir. 2004). An underlying deportation order is

14 "fundamentally unfair" if (1) the defendant's due process rights were violated by defects

15 in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the

16 defects. *Id.*

## RULING OF THE COURT

18 **Defendant was not deportable as charged in the Notice To Appear**

19  In *United States v. Alvarado-Pineda*, 774 F.3d 1198 (9th Cir. 2014), the Court

20 of Appeals for the Ninth Circuit examined the claim by Alvarado-Pineda that his prior

21 conviction for second-degree robbery in violation of section 9A.56.190 of the Revised

22 Code of Washington did not constitute a "crime of violence" under 8 U.S.C. §

23 1101(a)(43)(F).  The Court of Appeals affirmed "on a different ground: we hold that a

24 conviction under the statute is a conviction of a 'theft offense.'" *Id.* at 1202.  Before

25 reaching this conclusion, the Court of Appeals stated:

> An underlying order is "fundamentally unfair" if (1) a defendant's due
> process rights were violated by defects in his underlying deportation
> proceeding, and (2) he suffered prejudice as a result of the defects.
> *Ubaldo–Figueroa*, 364 F.3d at 1048.

As a general matter, a defendant who has been convicted of an aggravated felony cannot show that he was prejudiced by defects in his underlying proceedings. *United States v. Garcia–Martinez*, 228 F.3d 956, 963–64 (9th Cir. 2000). This is so because noncitizens convicted of aggravated felonies are removable on that basis, *see* 8 U.S.C. § 1227(a)(2)(A)(iii), and are ineligible for almost all forms of discretionary relief. . . .

There are exceptions to this general rule, but they are not relevant here. . . . Alvarado–Pineda has not demonstrated that he has "plausible grounds for relief" under any of these provisions, or that any other exceptions apply. *United States v. Gonzalez–Valerio*, 342 F.3d 1051, 1054 (9th Cir. 2003).

Accordingly, if Alvarado–Pineda was convicted of an aggravated felony, his collateral attacks based on alleged procedural defects must necessarily fail.
. . .

Because we conclude that Alvarado–Pineda was convicted of an aggravated felony in 2004, we need not decide whether his underlying removal proceedings were defective, or whether the plea agreement he signed in 2007 bars him from attacking those proceedings. Because he is ineligible for relief, he suffered no prejudice from any procedural defects that may have occurred, and the district court correctly denied his motion to dismiss his indictment.

*Id*. at 1202-03. *See also*, *United States v. Cisneros-Rodriguez*, 2015 WL 9309958 (9th Cir. December 23, 2015) ("The general rule is that a defendant who has been convicted of an aggravated felony 'cannot show that [s]he was prejudiced by defects in [her] underlying [removal] proceedings . . . because noncitizens convicted of aggravated felonies are . . . ineligible for almost all forms of discretionary relief.'") quoting *Alvarado-Pineda*, 774 F.3d at 1201.

Defendant contends that he has shown prejudice which entitles him to relief under Section 1326(d) because he was ordered removed on an invalid basis. Defendant asserts that he is not required to show that he had plausible grounds for relief from removal and that the Court should not entertain any alternative basis for entering the removal order not specified in the Notice.

Plaintiff United States asserts that the Defendant cannot show that his removal was fundamentally unfair because the Defendant was subject to removal for the commission of an aggravated felony, specifically, the 2009 robbery conviction. Plaintiff United States contends that the defect in the Notice does not entitle the

Defendant to relief under 8 U.S.C. § 1326(d) because he cannot demonstrate any prejudice. Plaintiff United States asserts that the Defendant's 2009 robbery conviction was an aggravated felony at the time of his removal proceedings and that Defendant had no plausible grounds for relief from removal.

In this case, the Plaintiff United States concedes that Bernal-Sanchez suffered a procedural defect in his removal proceedings if the Court finds that he was removable as an aggravated felon under 8 U.S.C. § 1101(a)(43)(G) for a theft offense rather than as an aggravated felon under 8 U.S.C. § 1101(a)(43)(F) for a crime of violence. However, the Court concludes that the collateral attack based upon this procedural defect in the Notice "must necessarily fail" if the second-degree robbery charged in the Notice was as an aggravated felony under a theft offense as defined in 8 U.S.C. § 1101(a)(43)(G). *Alvarado-Pineda*, 774 F.3d at 1202.

In *Alvarado-Pineda*, the Notice charged that Alvarado-Pineda was removable on the basis that he had been convicted of an aggravated felony of second degree robbery under Washington law. In a subsequent prosecution under 8 U.S.C. § 1326, Alvarado-Pineda moved to dismiss the indictment on the grounds that his prior removal orders had been entered in violation of his Fifth Amendment due process rights. The district court concluded that the second-degree robbery was a crime of violence and denied the motion to dismiss. The Court of Appeals affirmed "on a different ground." *Id*. at 1202. The Court of Appeals stated, "Because we concluded that Alvarado-Pineda was convicted of an aggravated felony in 2004, we need not decide whether his underlying removal proceedings were defective. . . . Because he is ineligible for relief, he suffered no prejudice from any procedural defects that may have occurred, and the district court correctly denied his motion to dismiss." *Id.* at 1203. In this case, Defendant has not asserted any plausible grounds for relief under any exception to the general rule that "a defendant who has been convicted of an aggravated felony cannot show that he was prejudiced by defects in his underlying proceedings." *Id.* at 1201. If the Court concludes that Defendant's 2009 robbery conviction is an aggravated felony, he

1   suffered no prejudice from the procedural defect.

2        Defendant relies upon *United States v. Camacho-Lopez*, 450 F.3d 928 (9th Cir.

3   2006) and *United States v. Aguilera-Rios*, 769 F.3d 626 (9th Cir. 2014) to support his

4   position that he is entitled to relief under Section 1326(d) on the grounds that he was

5   not removeable as charged without any showing that he was prejudiced by the defect.

6   In *Camacho-Lopez*, and *Aguilera-Rios*, the Court of Appeals granted the defendant's

7   motion to dismiss the indictment after finding that the defendant was not removeable

8   as charged, that is, for having committed an aggravated felony.  In each of these cases,

9   the Court of Appeals concluded that the prior conviction charged in the Notice was not

10  an aggravated felony and that the defendant had shown plausible grounds for relief from

11  removal. *Camacho-Lopez*, 450 F.3d at 930 (holding vehicular manslaughter not a crime

12  of violence based on *Leocal* [3] and "the IJ erroneously advised Camacho that he was

13  ineligible for discretionary relief"), *Aguilera-Rios*, 769 F.3d at 637 (holding California

14  firearms offense lacked an antique firearm exception as required in *Moncreiffe* [4] and

15  "there was no legal basis for his 2005 removal order").

16  **Aggravated felony theft offense**

17       To determine whether Defendant's 2009 conviction for second-degree robbery

18  under CPC § 211 is a "theft offense" under § 1101(a)(43)(G), the Court first applies the

19  categorical approach set forth in *Taylor v. United States*, 495 U.S. 575 (1990).  The

20  "courts compare the crime of conviction . . . with the generic crime . . . to determine

21  whether the latter encompasses the former."  *Hernandez–Cruz v. Holder*, 651 F.3d

22  1094, 1100 (9th Cir. 2011).  Under this test, the court must "first make a categorical

23  comparison of the elements of the state statute of conviction to the generic definition

24  of a theft offense in order to determine whether the full range of conduct proscribed by

25  the statute of conviction is broader than the generic definition."  *Verdugo-Gonzalez v.*

26  *Holder*, 581 F.3d 1059,1060 (9th Cir. 2009).  In *Gonzales v. Duenas-Alvarez*, 549 U.S.

27

28      [3] *Leocal v. Ashcroft*, 543 U.S. 1 (2004).

    [4] *Moncreiffe v. Holder*, 113 S.Ct. 1678 (2013).

183 (2007), the United States Supreme Court stated,

> in our view, to find that a state statute creates a crime outside the generic definition of a listed crime in a federal statute requires more than the application of legal imagination to a state statute's language. It requires a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime. To show that realistic probability, an offender, of course, may show that the statute was so applied in his own case. But he must at least point to his own case or other cases in which the state courts in fact did apply the statute in the special (nongeneric) manner for which he argues.

*Id.* at 193.

Defendant contends that a CPC § 211 robbery conviction cannot be a categorical match with a generic theft offense because CPC § 211 requires asportation and the generic definition of theft does not include an element of asportation. Defendant asserts that a defendant who assists in the continuing asportation of stolen goods may be convicted as a principal of robbery under CPC § 211for conduct which does not fall within the elements of generic theft. Defendant asserts that *People v. Cooper*, 53 Cal. 3d 1158, 1164-66 (1991), and *People v. Dryden*, 2005 WL 1231732, *5-6 (Cal. Ct. App. 2005) (unpublished) demonstrate that a defendant who assists only in the asportation of stolen goods may be convicted of CPC § 211. Defendant asserts that this conduct constitutes after-the-fact liability under a generic theft offense. Defendant asserts that the aiding and abetting liability under CPC § 211 for asportation of the stolen goods sweeps beyond the elements of generic theft, which do not include asportation.

Plaintiff United States asserts that robbery under CPC § 211 does not include "accessory" or "after-the-fact" liability. Plaintiff United States contends that CPC § 211 makes no explicit reference to accessory liability and that accessory after the fact liability is not embedded into the state statute. Plaintiff United States asserts that *Cooper* and *Dryden* extend liability for continuing asportation under an aiding and abetting theory and not after-the-fact assistance.

CPC § 211 states, "Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will,

accomplished by means of force or fear."  Cal. Penal Code § 211.

> The California model jury instructions explain that the elements of CPC § 211 are: (1) the defendant took property that was not his own, (2) the property was in the possession of another person, (3) the property was taken from the other person or his immediate presence, (4) the property was taken against the other person's will, (5) the defendant used force or fear to take the property or to prevent the other person from resisting, (6) when the defendant used force or fear, he intended to deprive the owner of the property permanently, and (7) the defendant's intent to take the property was formed before or during the time he used force or fear. *See* Criminal Jury Instructions § 1600 (Jud. Conf. of Cal.2015).

*United States v. Dixon*, 805 F.3d 1193, 1198 (9th Cir. 2015).  "The taking element of robbery has two necessary elements, gaining possession of the victim's property and asporting or carrying away the loot."  *Cooper*, 53 Cal.3d at 1165.

A theft offense under 8 U.S.C. § 1101(a)(43)(G) involves "a taking of property or an exercise of control over property without consent with the criminal intent to deprive the owner of the rights and benefits of ownership."  *Alvarado-Pineda*, 774 F.3d at 1202.  Generic theft requires "(1) the taking of (2) personal property (3) without consent and (4) with the specific intent to steal."  *Id*. at 1203.  *See also Duenas-Alvarez*, 549 U.S. at 189 ("The Ninth Circuit, like other Circuits and the BIA, accepted as a generic definition of theft, the taking of property or an exercise of control over property without consent with the criminal intent to deprive the owner of the rights and benefits of ownership.")(internal quotation omitted).

In *Duenas-Alvarez*, the United States Supreme Court addressed the issue whether "the term 'theft offense' in [8 U.S.C. § 1101(a)(43)(G)] includes the crime of '*aiding and abetting*'" a theft offense."  549 U.S. at 185.  The Court stated,

> The common law divided participants in a felony into four basic categories: (1) *first-degree principals*, those who actually committed the crime in question; (2) *second-degree principals*, aiders and abettors present at the scene of the crime; (3) *accessories before the fact*, aiders and abettors who helped the principal before the basic criminal event took place; and (4) *accessories after the fact*, persons who helped the principal after the basic criminal event took place.  *See Standefer v. United States*, 447 U.S. 10, 15, 100 S.Ct. 1999, 64 L.Ed.2d 689 (1980).  In the course of the 20th century, however, American jurisdictions eliminated the distinction among the first three categories. *Id*., at 16–19, 100 S.Ct. 1999; *Nye & Nissen v. United States*, 336 U.S. 613, 618, 69 S.Ct. 766, 93 L.Ed. 919 (1949).

> Indeed, every jurisdiction—all States and the Federal Government—has "expressly abrogated the distinction" among principals and aiders and abettors who fall into the second and third categories. 2 W. LaFave, Substantive *190 Criminal Law § 13.1(e), p. 333 (2d ed.2003) (LaFave).

504 U.S. at 189.  The Supreme Court concluded that "the criminal law now uniformly treats those who fall into the first three categories alike" and that "the criminal activities of these aiders and abettors of a generic theft must themselves fall within the scope of the term 'theft' in the federal statute."  *Id.* at 190.[5]

In *United States v. Vidal*, 504 F.3d 1072 (9th Cir. 2007), the Court of Appeals examined whether section 10851(a) of the California Vehicle Code criminalizing "theft and unlawful driving or taking of a vehicle" was broader than the generic definition of theft "because it applies not only to principals and accomplices but also to accessories after the fact."  *Id.* at 1075.  The Court of Appeals "concluded that an accessory after the fact to theft cannot be culpable of generic theft."  *Id.* at 1080.  The Court of Appeals compared the state offense to the elements of the generic theft offense in order to decide whether section 10851(a) qualifies as an aggravated felony within the meaning of 8 U.S.C. § 1101(a)(43)(G).  The Court of Appeals found that the California Penal Code "explicitly uses the term accessory to refer to an accessory after the fact."[6]  The Court of Appeals explained,

> Vidal's 1994 conviction is not categorically a theft offense unless the full range of conduct proscribed by section 10851(a) falls within the scope of this generic definition. We conclude that it does not because whereas the generic theft offense encompasses only principals, accomplices, and others who incur liability on the basis of pre-offense conduct, section 10851(a) also reaches accessories after the fact.

*Id.* at 1077.

---

[5] The Court did not decide whether the California statute Cal. Veh. Code Ann. § 10851(a) holds liable accessories after the fact because the claim did not fall within the terms of the question presented.

[6] Section 10851(a) stated, "[a]ny person who drives or takes a vehicle not his or her own, without the consent of the owner thereof, and with intent either to permanently or temporarily deprive the owner thereof of his or her title to or possession of the vehicle, whether with or without intent to steal the vehicle, or any person who is *a party to an accessory to or an accomplice in* the driving or unauthorized taking...." 504 F.3d at 1080.

In *Verdugo-Gonzalez v. Holder*, 581 F.3d 1059, 1061-62 (9th Cir. 2009), the Court of Appeals applied the analysis in *Vidal* to decide whether the full range of conduct proscribed by felony receipt of stolen property in violation of California Penal Code section 496(a) was broader than the generic theft offense encompassed under 8 U.S.C. §1101(a)(43)(G).  Verdugo-Gonzalez argued that the use of the term "aids" in section 496(a) extended "the statute to cover someone who was only an accessory after the fact and that accessory liability does not rise to the level of an aggravated felony." *Id.* at 1061.  The Court of Appeals concluded that section 496(a) did not extend liability to accessory after the fact conduct and that the full range of conduct fell with the generic definition of a theft offense.  The Court stated,

> Verdugo-Gonzalez relies on *United States v. Vidal*, 504 F.3d 1072 (9th Cir.2007) (en banc), to advance the argument that aiding and abetting liability is akin to accessory after the fact liability. Although *Vidal* explicitly held that accessory after the fact liability may render a state conviction statute broader than the generic definition of a theft offense, that case examined section 10851(a) of the California Vehicle Code, a statute that expressly included within its reach the actions of an accessory. *Id.* at 1080-86. There is no such mention of accessory liability in California Penal Code section 496(a), and Verdugo-Gonzalez has not identified a case in which California has applied the statute that way, so a conviction under that statute cannot be based on a finding of something less than conduct which fits within the generic theft offense.

581 F.3d at 1061-1062. (footnote omitted).

In this case, an examination of the statutory language does not suggest that conduct under CPC §211 falls outside the conduct which qualifies as generic theft offense. *Compare* CPC §211 ("Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear.") *with Duenas-Alvarez*, 549 U.S. at 189 ("a generic definition of theft, the taking of property or an exercise of control over property without consent with the criminal intent to deprive the owner of the rights and benefits of ownership"). The statutory language of CPC § 211 and generic theft "require (1) the taking of (2) personal property (3) without consent and (4) with specific intent to steal." *Alvarado-Pineda*, 774 F.3d at 1203.  However, the Court must decide whether California applies CPC § 211 in a way that a conviction under the statute can "be based

1  upon a finding of something less than conduct which fits within the generic theft

2  offense." *Id.* at 1061.

3      California case law establishes that the taking element of CPC § 211 "has two

4  necessary elements, gaining possession of the victim's property and asporting or

5  carrying away the loot." *People v. Hill*, 17 Cal.4th 800, 852 (1998) (internal quotations

6  omitted).   Liability for participation in the asportation aspect of taking is based upon

7  aiding and abetting CPC § 211.  No aspect of the generic theft offense covers conduct

8  limited solely to participation in the asportation of the stolen property.  Although the

9  element of asportation in CPC § 211  is "initially satisfied by evidence of slight

10  movement, . . . asportation is not confined to a fixed point in time.  The asportation

11  continues thereafter as long as the loot is being carried away to a place of temporary

12  safety." *Cooper*, 53 Cal. 3d at 1165.   In *Cooper,* the California court stated,

13      We conclude that the commission of a robbery for purposes of
   determining aider and abettor liability continues until all acts constituting

14  the robbery have ceased. The asportation, the final element of the offense
   of robbery, continues so long as the stolen property is being carried away

15  to a place of temporary safety.  Accordingly, in order to be held liable as
   an aider and abettor, the requisite intent to aid and abet must be formed

16  before or during such carrying away of the loot to a place of temporary
   safety.  Therefore, a getaway driver who has no prior knowledge of a

17  robbery, but who forms the intent to aid in carrying away the loot during
   such asportation, may properly be found liable as an aider and abettor of

18  the robbery.

19  *Id.* at 1161.  *See also People v. Dryden*, 2005 WL 1231732 at *6 (getaway driver for

20  robbery of a credit union convicted under CPC § 211 as an aider and abettor based upon

21  evidence that co-defendant had not reached a temporary place of safety since taking the

22  money from the teller, at the time co-defendant was assisted by defendant).   U n d e r

23  California law, a defendant can be convicted of robbery under CPC § 211for aiding and

24  abetting in the asportation element of taking. In *Cooper*, the California court stated "for

25  the conviction of the more serious offense of aiding and abetting a robbery, a getaway

26  driver must form the intent to facilitate or encourage commission of the robbery *prior*

27  *to or during the carrying away of the loot to a place of temporary safety." Cooper*, 53

28  Cal. 3d at 1165.  Conduct which is limited to asportation of the stolen property does not

fall within any element of a generic theft offense and would not support liability as an aider and abettor of the generic theft offense. As a result, the Court must conclude that the full range of conduct covered by CPC § 211 punishes conduct broader than the conduct covered by generic theft offense. Unlike the defendant in *Verdugo-Gonzalez*, Defendant in this case has identified specific conduct under California case law in which CPC § 211 is applied to conduct which does not fit within the generic theft offense. *See Verdugo-Gonzalez*, 581 F.3d at 1062 ("Verdugo-Gonzalez has not identified a case in which California has applied the statute that way, so a conviction under that statute cannot be based on a finding of something less than conduct which fits within the generic theft offense."). The Court concludes that the Defendant's conviction under CPC § 211 is not a categorical theft offense.[7] Defendant was not removeable as an aggravated felon under 8 U.S.C. § 1101(a)(43)(G) at the time of his removal proceedings. The Court concludes that the Defendant suffered prejudice as a result of the procedural defect in the Notice and is entitled to relief under 8 U.S.C. § 1326(d).

### CONCLUSION

IT IS HEREBY ORDERED that motion to dismiss the information due to invalid removal order filed by Defendant Jose Bernal-Sanchez (ECF No. 27-2) is granted.

DATED: February 24, 2016

*William Q. Hayes*

**WILLIAM Q. HAYES**
United States District Judge

---

[7] Plaintiff United States makes no assertion that this Court should apply the modified categorical approach.